1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEIL STEINKE,

                                    Plaintiff,

            v.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                                    Defendant.

Case No. C15-1291-RAJ

**ORDER REVERSING AND
REMANDING CASE FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS**

13

14

15

16

17

18

19

20

21

22

23

Keil Steinke seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits.  Mr. Steinke contends the ALJ erred by misevaluating the opinions of (1) treating doctor Paul Zarkowski, M.D. and mental health counselor Michael Sibrava, NCC, LMHC, (2) examining psychologist Victoria McDuffee, Ph.D., and (3) the lay witness testimony of Elena Steinke and Elizabeth Tyson.  Dkt. 9 at 1.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

In May 2012, Mr. Steinke applied for benefits, alleging disability as of September 1, 2009.  Tr. 21.  Mr. Steinke's applications were denied initially and on reconsideration.  Tr. 74-123.  After the ALJ conducted a hearing on May 30, 2013, the ALJ issued a decision finding Mr.

Steinke not disabled.  Tr. 21-32.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Mr. Steinke has not engaged in substantial gainful activity since September 1, 2009, the alleged onset date.

**Step two:**  Mr. Steinke has the following severe impairments: autistic disorder; attention-deficit hyperactivity disorder; affective disorder; and anxiety disorder.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Mr. Steinke can perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform work limited to simple to moderately-complex tasks with only occasional interaction with the public.

**Step four:**  Mr. Steinke has no past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Mr. Steinke can perform, he is not disabled.

Tr. 21-32.  The Appeals Council denied Mr. Steinke's request for review making the ALJ's

decision the Commissioner's final decision.  Tr. 1-4.[3]

## DISCUSSION

**A.    Paul Zarkowski, M.D. and Michael Sibrava, NCC, LMHC**

In May 2013 treating physician Dr. Zarkowski and mental health counselor Mr. Sibrava

jointly signed a letter discussing Mr. Steinke's symptoms and the functional impact of his Major

Depressive Disorder and Generalized Anxiety Disorder.  Tr. 390-91.  Specifically, the letter

indicates that Mr. Steinke copes with his symptoms by isolating himself and avoiding

interpersonal contact as much as possible, that his symptoms of fatigue, hypersomnia, anhedonia,

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

1   and appetite disruption keep him from starting and engaging in activities and disrupt his ability

2   to concentrate.  *Id.*  His difficulty focusing and meaningfully engaging in tasks make it difficult

3   for him to complete objectives and goals.  *Id.*  Moreover, his symptoms interrupt his functioning

4   as exhibited by his irregular attendance in school, multiple enrollments in college and difficulty

5   keeping jobs.  *Id.*

6         The ALJ gave this opinion "some weight."  Tr. 29.  She indicated that the effect of Mr.

7   Steinke's depression and anxiety on his ability to concentrate and the interference with his

8   attendance "are accounted for in the above-stated residual functional capacity."  *Id.*  However,

9   the ALJ found that Mr. Steinke's wide range of activities indicated that his limitations are "not as

10  grave as Mr. Sibrava and Dr. Zarkowski allege."  *Id.*  Mr. Steinke argues that the ALJ failed to

11  properly address Dr. Zarkowski and Mr. Sibrava's opinion that his symptoms interfere with his

12  attendance. Dkt. 9 at 5.  The Court agrees.

13        An ALJ may not reject the opinion of a treating or examining doctor, even where

14  contradicted by another doctor, without providing specific and legitimate reasons supported by

15  substantial evidence. [4]  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603-04 (9th

16  Cir. 1999).   "Where an ALJ does not explicitly reject a medical opinion or set forth specific,

17  legitimate reasons for crediting one medical opinion over another, he errs."  *Garrison v. Colvin*,

18  759 F.3d 995, 1012-13 (9th Cir. 2014); *see also Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir.

---

[4] Dr. Zarkowski and Mr. Sibrava both signed the same report discussing Mr. Steinke's
impairments and limitations.  Tr. 391.  Mr. Sibrava is not an accepted medical source and if this
were Mr. Sibrava's opinion alone, rather than written jointly with Dr. Zarkowski, the ALJ would
be required to give only germane reasons for rejecting the opinion.  *See* 20 C.F.R. § 404.1513(d)
(therapists are considered "other sources" not "accepted medical sources"); *Molina v. Astrue*,
674 F.3d 1104, 1111 (9th Cir. 2011) (an ALJ may discount testimony from "other sources" if he
gives reasons germane to each witness).  However, as discussed herein, the ALJ failed to give
any reason (either specific and legitimate or germane) for rejecting the opinion that Mr. Steinke's
symptoms interfere with his attendance.

1  1995) ([a]n ALJ need not discuss all evidence presented but "may not reject 'significant

2  probative evidence' without explanation.") (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1394-95

3  (9th Cir. 1984).  Here, the ALJ indicates that he accounted for Dr. Zarkowski and Mr. Sibrava's

4  findings regarding concentration, focus and attendance in the RFC.  Tr. 29.  However, while the

5  RFC does appear to address the limitations on concentration and focus by restricting Mr. Steinke

6  to simple to moderately-complex tasks, the RFC does not include any limitation with respect to

7  attendance.  Tr. 26.  The Commissioner acknowledges that the RFC "did not specifically

8  incorporate this limitation [on attendance]," but argues that by limiting Mr. Steinke to "only

9  occasional public interaction" the RFC addressed "the cause of the symptoms: his social

10  anxiety."  Dkt. 10 at 5.  However, this is not the explanation the ALJ offers in his opinion and,

11  thus, the Commissioner's argument constitutes an improper *post hoc* rationalization which the

12  Court cannot rely upon to affirm the ALJ's decision.  *See Bray v. Comm'r. of Soc. Sec. Admin.*,

13  554 F.3d 1219, 1225 ("Long-standing principles of administrative law require us to review the

14  ALJ's decision based on the reasoning and factual findings offered by the ALJ - not *post hoc*

15  rationalizations that attempt to intuit what the adjudicator may have been thinking.").  Moreover,

16  Dr. Zarkowski and Mr. Sibrava did not identify social anxiety as the specific cause of Mr.

17  Steinke's attendance problem.  Tr. 390-91.  Rather, their opinion appears to attribute his

18  attendance problem to both his anxiety and depression and related symptoms of fatigue,

19  hypersomnia, anhedonia and appetite disruption.  *Id.*

20         Accordingly, the ALJ erred in failing to address Dr. Zarkowski and Mr. Sibrava's opinion

21  with respect to Mr. Steinke's attendance.  This error was harmful as the ALJ failed to incorporate

22  any attendance-related limitation into the RFC and the vocational expert testified that an added

23  restriction of missing work two days or more per month, arriving late three days or more per

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

1    month and being off task 20 percent or more of the time when at work would preclude

2    employment.  Tr. 26, 71; *see Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (court may

3    only reverse for harmful error, and error is harmful where it is of consequence to the ultimate

4    nondisabilty determination).  Thus, on remand, the ALJ should reevaluate Dr. Zarkowski and

5    Mr. Sibrava's opinion with respect to Mr. Steinke's attendance.

6    **B.     Victoria McDuffee, Ph.D.**

7           In March 2012, Dr. McDuffee evaluated Mr. Steinke and found he was "intelligent" and

8    "capable of learning and engaging in job training" and would "likely succeed if he were to

9    identify a type of employment with minimal social demands and possibly accommodations."  Tr.

10   346.  She opined that he had "marked challenges in adapting to changes in work routines,

11   making simple work related decisions, being aware of hazards " and that he had marked

12   impairments in his "communication and social skills necessary to work effectively with the

13   public" as well as in "planning and goal setting."  *Id.*  She further opined that he had "marked

14   impairment in being punctual [and] …may experience moderate delays in performing tasks per a

15   timed schedule ..."  *Id.*

16          The ALJ gave "some weight" to Dr. McDuffee's evaluation.  Tr. 29.  Specifically the

17   ALJ found that,

18                 Her conclusion that the claimant is unable to work without
                   accommodations is inconsistent with his demonstrated abilities.  In
19                 addition, her conclusions are not supported by her examination findings,
                   including a perfect mental status examination score and the conclusion
20                 that he has above average intelligence.  Dr. McDuffee's conclusion that
                   he has marked difficulties being punctual and interacting with co-
21                 workers appears primarily based on his subjective reports, rather than her
                   observations.  Furthermore, Dr. McDuffee's opinions are based on only a
22                 single evaluation rather than a review of the entire medical record.

23   Tr. 29.  An ALJ may reject an opinion that is brief, conclusory, and inadequately supported by

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

1   clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).   An ALJ may also

2   reject an opinion "if it is based 'to a large extent' on a claimant's self reports that have been

3   properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

4   The ALJ found Mr. Steinke less than fully credible, and he does not challenge that finding here.

5   Tr. 26.  Nevertheless, Mr. Steinke contends the ALJ erroneously rejected Dr. McDuffee's

6   opinion that he had a marked impairment in being punctual because her opinion was consistent

7   with that of other treatment providers and the lay witness testimony.  Dkt. 9 at 7.

8          Mr. Steinke fails to establish the ALJ's reading of the record was unreasonable.  *See*

9   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (when the evidence reasonably supports

10  either confirming or reversing the ALJ's decision, the court may not substitute its judgment for

11  that of the ALJ).  Mr. Steinke does not dispute that he received a perfect score on the mental

12  status exam (MSE) performed by Dr. McDuffee and, thus, the objective portion of the exam

13  cannot be construed to support the opinion that he had marked difficulties in being punctual.  *See*

14  Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford

15  University Press 1993) ("Like the physical examination, the Mental Status Examination is

16  termed the *objective* portion of the patient evaluation.") (emphasis in original).  Moreover, a

17  review of the report supports the ALJ's conclusion that Dr. McDuffee's opinion is based largely

18  on Mr. Steinke's self reports, such as, that when invited for holidays "I show up two to six hours

19  late" and "[w]hen it's time for me to leave…when I should be there, I start to get ready."  Tr.

20  343-44.  Mr. Steinke's argument that other opinions in the record also indicate he has problems

21  with punctuality does not render the ALJ's rejection of Dr. McDuffee's opinion as based on self

22  reports unreasonable.  There is no indication that Dr. McDuffee reviewed those "other" reports

23  or relied on something other than Mr. Steinke's own statements to support her opinion regarding

1    punctuality.  Accordingly, substantial evidence supports the ALJ's rejection of Dr. McDuffee's

2    opinion as based on Mr. Steinke's self reports.

3    **C.      Lay Witnesses**

4         Ms. Montgomery also contends the ALJ erred in rejecting the lay witness statements of

5    Mr. Steinke's mother, Elena Steinke, and his girlfriend, Elizabeth Tyson, with respect to his

6    attendance and punctuality.  Dkt. 9 at 6.  The Court disagrees.

7         *1.     Elena Steinke*

8         Ms. Steinke submitted a letter in March 2013 stating that Mr. Steinke has a long history

9    of mental illness, has not been able to hold a job and has struggled with academic and everyday

10   functioning.  Tr. 273-74.  She also stated that Mr. Steinke used to go to family gatherings "but

11   now comes very late or not at all."  *Id.*  The ALJ gave limited weight to Ms. Steinke's statements

12   because her observations "are not consistent with other reports in the record" and the "claimant's

13   actual functioning is at a higher level than she alleges."  Tr. 30.  The ALJ specifically noted that

14   Mr. Steinke has successfully taken online college classes and has shown the ability to

15   concentrate and socialize as necessary.  *Id.*

16        "An ALJ need only give germane reasons for discounting the testimony of lay

17   witnesses."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  An ALJ may reject lay

18   witness evidence if other evidence in the record regarding the claimant's activities is inconsistent

19   therewith.  *See Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008) (ALJ's

20   rejection of lay witness evidence as inconsistent with claimant's completion of continuous full-

21   time coursework constituted reason germane to lay witness).  Moreover, where the ALJ provides

22   clear and convincing reasons for rejecting a claimant's subjective complaints, the same reasons

23   may be considered germane for rejecting similar testimony from lay witnesses.  *See Valentine v.*

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

1  *Comm'r. Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

2      Here, the ALJ reasonably discounted Ms. Steinke's testimony as inconsistent with other

3  reports in the record and his demonstrated ability to take online classes.  The record demonstrates

4  that Mr. Steinke was receiving mostly As and Bs in his online classes and, as the ALJ notes

5  elsewhere in the opinion, his treatment records attributed the variance in his academic

6  performance to whether he liked his professors or subjects rather than to his symptoms.  Tr. 28,

7  477; *see Lewis v. Astrue*, 236 F.3d 512 (9th Cir. 2001) (upholding ALJ's decision to discount lay

8  witness testimony where "the ALJ at least noted arguably germane reasons for dismissing the

9  [lay witness] testimony, even if he does not clearly link his determination to those reasons."); *see*

10 *Molina*, 674 F.3d at 1113 ("Even where activities suggest some difficulty functioning, they may

11 be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a

12 totally debilitating impairment.").

13      ***2.    Elizabeth Tyson***

14      The ALJ also reasonably rejected Ms. Tyson's testimony as inconsistent with the record

15 of Mr. Steinke's activities and the objective evidence, including his ability to attend college full-

16 time.  Tr. 30.  Ms. Tyson indicated that when Mr. Steinke returned to the University of

17 Washington he "did horribly" but the ALJ notes that the record demonstrates he had only one

18 quarter with a GPA under 2.00 and multiple quarters with a GPA above 3.00 while taking upper

19 level courses.  Tr. 30.  Moreover, Ms. Tyson's attribution of Mr. Steinke's at times poor

20 academic performance to his symptoms is contradicted by treatment records, as noted by the

21 ALJ, indicating that his academic performance varied based on whether he liked his professors

22 or the subjects.  Tr. 28.

23      Mr. Steinke does not challenge the ALJ's finding that aspects of Ms. Steinke's and Ms.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

1   Tyson's testimony are inconsistent with the record of his activities and other reports in the

2   record.  Rather, he argues that the ALJ did not give a germane reason for rejecting the lay

3   witness' specific testimony concerning his attendance and punctuality.  Dkt. 9 at 6.  However,

4   the ALJ is required to provide reasons for rejecting lay testimony that are germane to *each*

5   *witness*, not to each part of the witness' testimony.  *See Valentine*, 574 F.3d at 694 (when

6   discounting lay witness testimony, the ALJ must give "reasons that are germane to each

7   witness.").  Here, the ALJ offered reasons that were germane to the testimony of Ms. Steinke and

8   Ms. Tyson.  Finally, even if the ALJ had failed to provide germane reasons for rejecting the lay

9   witness testimony, any error was harmless.  Ms. Steinke's and Ms. Tyson's observations are

10  substantially similar to Mr. Steinke's subjective complaints concerning his mental health

11  symptoms and limitations, including his problems with attendance and punctuality.  Tr. 26, 55.

12  Mr. Steinke has not challenged the ALJ's determination that he is not fully credible and many of

13  the ALJ's reasons for rejecting that testimony (inconsistent with medical opinion evidence,

14  inconsistent with daily activities, ability to work and carry a full course load of college classes,

15  significant gaps in treatment, improvement with treatment) apply with equal force to Ms. Steinke

16  and Ms. Tyson's testimony.  *See Valentine*, 574 F.3d at 694 +(because "the ALJ provided clear

17  and convincing reasons for rejecting [the claimant's] own subjective complaints, and because

18  [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave

19  germane reasons for rejecting [the lay witness's testimony]"; *Molina*, 674 F.3d at 1115 (error in

20  failing to address lay testimony found harmless where ALJ "gave reasons for rejecting [the

21  claimant's] testimony regarding her symptoms that were equally relevant to the similar testimony

22  of the lay witnesses, and that would support a finding that the lay testimony was similarly not

23  credible.").

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9

1   Accordingly, the ALJ did not err in rejecting the lay witness statements of Ms. Steinke

2   and Ms. Tyson.

3   **D.      Remand for Further Proceedings**

4   Mr. Steinke contends that this matter should be remanded for further administrative

5   proceedings.  Dkt. 7 at 1.  Remand for further proceedings is appropriate here as not all essential

6   factual issues have been resolved and there is potentially conflicting evidence which must be

7   reweighed and resolved by the ALJ.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d

8   1090, 1101 (9th Cir. 2014) (remand for additional proceedings, rather than an award of benefits,

9   is appropriate "[w]here there is conflicting evidence, and not all essential factual issues have

10  been resolved … ").

11                                    **CONCLUSION**

12  For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

13  case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

14  405(g).

15  On remand, the ALJ should reevaluate Dr. Zarkowski and Mr. Sibrava's opinion with

16  respect to Mr. Steinke's attendance, reassess the RFC and reevaluate step five as necessary.

17

18  DATED this 31st day of May, 2016.

19

20

21

22  The Honorable Richard A. Jones
    United States District Judge

23

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10